IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KEOSHA HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV258 |
| | ) | |
| DARDEN RESTAURANT, INC., d/b/a | ) | |
| RED LOBSTER, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendant Darden Restaurant, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Compel Arbitration [Doc. #16].[1] For the reasons that follow, the Court should grant the instant motion to the extent that the Court should compel arbitration, but should stay this action pending arbitration rather than dismiss it.[2]

---

[1] Defendant's instant Motion asserts that "Plaintiff misidentified the name of the corporate defendant in her Complaint. The correct corporate entity is GMRI, Inc., d/b/a Red Lobster, not 'Darden Restaurant, Inc. d/b/a Red Lobster.'" (See Def.'s Mot. to Compel Arbitration [Doc. #16] at 1 n.1.) This Memorandum Opinion will refer to the corporate entity as "Defendant."

[2] In its Memorandum in Support of the instant Motion, Defendant "asks the Court to compel Plaintiff to arbitration, and to dismiss this action with prejudice, or, in the alternative to stay this action pending completion of arbitration." (See Def.'s Mem. Supp. Mot. to Compel Arbitration [Doc. #17] at 2.)

I.      Facts, Claims, and Procedural History

Plaintiff, proceeding *pro se*, filed her Complaint [Doc. #2] and her Amended Complaint [Doc. #14], contending that Defendant discriminated against and ultimately terminated her because of her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.[3] Defendant subsequently filed its instant Motion contending that Plaintiff is bound by a valid and enforceable written agreement requiring her to arbitrate her claims such that this Court should dismiss this action and compel arbitration. (See Def.'s Mot. Compel Arbitration [Doc. #16] ¶ 4.) Plaintiff responded [Doc. #19] and Defendant replied [Doc. #20].

II.     Discussion

The Federal Arbitration Act "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). A litigant can compel arbitration pursuant to the Federal Arbitration Act if he can establish:

> "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute."

---

[3] Plaintiff's Amended Complaint alleges that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on July 1, 2013 and received her Notice of Right to Sue from the EEOC on January 7, 2014 (see Am. Comp. [Doc. #14], ¶¶ 33, 35), and Plaintiff attached a copy of her EEOC Notice to her original Complaint [Doc. #2-1].

Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002) (quoting Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991)).  In determining whether a party agreed to arbitration, "the court should apply 'ordinary state-law principles that govern the formation of contracts.'" Johnson v. Circuit City Stores, 148 F.3d 373, 377 (4th Cir. 1998) (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995)).

"'In the context of motions to compel arbitration brought under the Federal Arbitration Act . . . courts apply a standard similar to that applicable to a motion for summary judgment.'" Minter v. Freeway Food, Inc., No. 1:03CV00882, 2004 WL 735047, at *2 (M.D.N.C. Apr. 2, 2004) (unpublished) (quoting Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003)); see also 9 U.S.C. § 4 ("[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.").

In connection with its instant Motion, Defendant has provided the Declaration of Melissa Ingalsbe, Director of Defendant's Dispute Resolution Process Department.  [Doc. #16-1.]  Ms. Ingalsbe avers that, as part of the hiring process, Defendant would have provided Plaintiff with a copy of its Dispute Resolution Process ("DRP") booklet.  (Id., ¶ 5.)  Moreover, Ms. Ingalsbe states that, "[o]n July 2, 2011, an acknowledgement of the DRP was executed, bearing the signature of [Plaintiff], which confirmed receipt, review and understanding of the DRP booklet."  (Id., ¶ 6.)

3

Consistent with those statements, attached to Ms. Ingalsbe's declaration is a document entitled "Dispute Resolution Process Acknowledgement," dated July 2, 2011, which reflects Plaintiff's signature. (See Decl. of M. Inglasbe, Ex. 1 [Doc. #16-1 at 4-5].) That document provides:

> I have received and reviewed the [DRP] booklet. This booklet contains the requirements, obligations, procedures and benefits of the DRP. I have read this information and understand and agree to the terms and conditions of the DRP. I agree as a condition of my employment, to submit any eligible disputes I may have to the company's DRP and to abide by the provisions outlined in the DRP. I understand that this includes, for example, claims under state and federal laws relating to harassment or discrimination, as well as other employment-related claims as defined by the DRP. Finally, I understand that the company is equally bound to all of the provisions of the DRP.

(Id.)

Also attached to Ms. Ingalsbe's declaration is a copy of Defendant's DRP booklet. (See Dec. of M. Ingalsbe, Ex. 2 [Doc. #16-1 at 7-20].) The DRP booklet describes a four-step dispute resolution process: (1) "Open Door"; (2) "Peer Review"; (3) "Mediation"; and (4) "Arbitration." The DRP booklet further provides:

> The DRP is the sole means for resolving covered employment-related disputes, instead of court actions. Disputes eligible for DRP must be resolved only through DRP, with the final step being binding arbitration heard by an arbitrator. This means DRP-eligible disputes will NOT BE RESOLVED BY A JUDGE OR JURY. Neither the Company nor the Employee may bring DRP-eligible disputes to court. The Company and the Employee waive all rights to bring a civil action for these disputes.

(Id. at 10 (capitalization in original).)

Plaintiff disputes neither receiving Defendant's DRP booklet nor signing the DRP Acknowledgement. Nor does Plaintiff contend that her ADA claims fall outside the scope of the DRP, or that ADA claims, generally, may not be subject to compulsory arbitration. Indeed, the DPR booklet is explicit in its coverage of discrimination claims, and the ADA itself encourages alternative methods of dispute resolution, including arbitration. See 42 U.S.C. § 12212 ("Where appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including settlement negotiations, conciliation, facilitation, mediation, factfinding, minitrials, and arbitration, is encouraged to resolve disputes arising under this chapter.").

Rather, Plaintiff contends that she was "only allowed to participate in the first step of [Defendant's DRP], but was denied the second and third steps" and thus never reached the fourth step of arbitration. (See Pl.'s Mem. Resp. [Doc. #19] at 1.) Plaintiff points to language in the DRP booklet that "[w]ithin fourteen (14) days after the receipt of the completed DRP submission form by the DRP department, the party submitting the claim to DRP will be notified whether the claim is eligible for resolution under the DRP." According to Plaintiff, her managers "never offered, but in fact denied any submission forms to the Plaintiff in the many disputes between [] Plaintiff and [her] Mangers [sic]." (Pl.'s Mem. [Doc. #19] at 1.) Thus, Plaintiff argues, she "cannot submit anything to [a]rbitration when it was never offered by Defendant's Mangers [sic] in the first place." (Id. at 2.)

5

Plaintiff's contentions do not alter her agreement to present her claims to arbitration. As Defendant notes, the DRP requires no special form to request arbitration. Rather, the DRP booklet requires only an "in writing" notice "describ[ing] all claims being submitted to arbitration, the facts upon which the claims are based, and the relief or remedy requested." (Decl. of M. Ingalsbe, Ex. 2 [Doc. #16-1 at 13].) Whether Defendant took actions delaying or preventing Plaintiff from complying with the dispute resolutions procedures are questions more appropriately reserved for the arbitrator. See, e.g., Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) ("Thus, 'procedural' questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide. So, too, the presumption is that the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability." (internal quotation marks and citations omitted)); PTA-FLA, Inc. v. ZTE USA, Inc., No. 3:11-cv-1605, 2011 WL 4549280, at *5 (D.S.C. Oct. 3, 2011) ("[T]he court concludes that any argument that Defendant failed to satisfy a condition precedent to arbitration by failing to participate in pre-arbitration proceedings in good faith is a matter for resolution by the arbitration panel."). Thus, Plaintiff's contentions would not, on their own, relieve Plaintiff of her prior commitment to present her dispute to the arbitrator in the first instance. Accordingly, there being no dispute regarding the existence of a valid arbitration agreement or that Plaintiff's claims fall within its scope, the Court should compel the Parties to arbitration.[4]

---

[4] The Court notes that in this case, Defendant has not raised any procedural bars to Plaintiff's ability to

The Federal Arbitration Act requires a court, upon application of one of the parties, to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The stay is mandatory. See Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002); see also Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 937 (4th Cir. 1999) ("When a valid agreement to arbitrate exists between the parties and covers the matter in dispute, the FAA commands the federal courts to stay any ongoing judicial proceedings . . . and to compel arbitration . . . .").

The Fourth Circuit has noted that in some circumstances, "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable," Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001). However, the FAA itself requires only a stay, and the Fourth Circuit has further noted that "dismissal is not appropriate where . . . the issues are not all subject to arbitration." Aggarao v. MOL Ship Mgmt. Co., Ltd., 675 F.3d 355, 376 n.18 (4th Cir. 2012); see also Bayer Cropscience AG v. Dow Agrosciences LLC, No. 2:12cv47, 2012 WL 2878495, at *8 (E.D. Va. July 13, 2012) (unpublished) (noting that "an arbitration agreement does not divest the court of jurisdiction to hear a matter."). Given the clear statutory authority providing for a stay pending

---

arbitrate her claims. In its Reply Brief, Defense counsel notes that she contacted Plaintiff to explain that no particular form was required for Plaintiff to exercise her rights under the arbitration provision, and offered to send Plaintiff a "Submission to Dispute Resolution" form, which Plaintiff could use to exercise her rights under the arbitration provision. The Court therefore notes that if Plaintiff chooses to proceed with her claims, she should submit a request for arbitration in writing, either on her own or on the form supplied by Defendant, in accordance with the instructions in the DRP.

7

arbitration, as well as the possible procedural issues that have been raised, and Plaintiff's *pro se* status, the Court concludes that staying this action pending arbitration would be the more prudent course of action and would provide for greater efficiency should further disputes arise that require the Court's attention. See Blount v. Northup Grumman Info. Tech. Overseas, Inc., No. 1:14cv919, 2014 WL 5149704, at *5 (E.D. Va. Oct. 14, 2014) (electing to stay action pending arbitration); Green v. Zachry Indus., Inc., 36 F. Supp. 3d 669, 678 (W.D. Va. 2014) (staying case pending arbitration "pursuant to the express requirement of the Federal Arbitration Act."); Christian v. Travel Centers of America, LLC, No. 4:13-3301, 2014 WL 3687420 (D.S.C. July 23, 2014) (noting that courts have held that a stay is appropriate when procedural issues may be raised in arbitration and "the plaintiff would otherwise be left without a forum"). Therefore, the Court will recommend that this action be stayed pending arbitration proceedings.

III.    Conclusion

In light of the written agreement between the Parties, the Court should compel arbitration. However, a stay of this matter, rather than dismissal, is appropriate.

IT IS THEREFORE RECOMMENDED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Compel Arbitration [Doc. #16] should be granted to the extent that the Court should compel the Parties to arbitration but should stay, rather than dismiss, this action.

IT IS FURTHER RECOMMENDED that this case be administratively closed, and that either party may file a motion to reopen the matter if appropriate, without payment of filing fees.

This, the 31st day of March, 2015.

                                                          /s/ Joi Elizabeth Peake
                                                     United States Magistrate Judge